UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ODERIA BRIDGES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AR RESOURCES, INC., and JOHN DOES 1-25,<br><br>Defendant(s). | CIVIL ACTION FILE NO.<br><br>**DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiff Oderia Bridges ("Plaintiff" or "Bridges") by and through her attorneys, and for her Class Action Complaint against Defendant AR Resources, Inc. ("ARR"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, respectfully sets forth, complains and alleges, upon information and belief, the following:

**JURISDICTION AND VENUE**

1

1. The Court has jurisdiction over this matter and class pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court also has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) being that the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this class action on behalf of a class of Georgia consumers for damages and declaratory and injunctive relief arising from the Defendant's violations of § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA").

## PARTIES

4. Plaintiff is a resident of the State of Georgia, residing in the County of Fulton.

5. At all times material hereto, Defendant AR Resources, Inc., was a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and conducts substantial and regular business activities in this judicial district. Defendant ARR is a Pennsylvania corporation and may be served with process upon Hamburg, Rubin, Mullin, Maxwell & Lupin PC, its registered agent for service of process, at 375 Morris Road, Lansdale, PA 19446.

6. Upon information and belief, ARR is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

7. John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

8. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

9. The Class consists of:
    a. all individuals with addresses in the State of Georgia;
    b. to whom Defendant ARR sent an initial collection letter;
    c. attempting to collect a consumer debt;
    d. threatening harm to the consumer's credit report if the consumer does not contact ARR; and
    e. without a timeframe for when that contact must occur;
    f. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

10. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

11. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

12. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e, 1692f and 1692g.

13. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

14. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the form **attached as Exhibit A** violate 15 U.S.C. § 1692e and §1692f and § 1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that

       are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **<u>Superiority:</u>** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

15. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

16. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

17. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

18. Some time prior to March 13, 2020, Defendant allegedly incurred a debt to Atlantic Cod Emergency Physicians in the amount of $995.00.

19. The alleged obligation arose out of a transaction involving an alleged debt incurred by Plaintiff in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes, to wit, personal medical services.

20. The alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a (5).

21. The owner of the alleged obligation is a "creditor" as defined by 15 U.S.C. § 1692a (4).

22. On information and belief, Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household

purposes on behalf of creditors using the United States Postal Services, telephone and internet.

### *Violation – March 13, 2020 Collection Letter*

23. On or about March 13, 2020, Defendant sent Plaintiff an initial collection letter regarding a debt allegedly owed to Atlantic Cod Emergency Physicians. A true copy of the Letter is **attached as Exhibit A**.

24. The letter included the notices required in an initial collection letter pursuant to 15 U.S.C. § 1692g allowing Plaintiff thirty days to dispute the debt.

25. However, the letter offers a settlement that "may be canceled at any time" i.e., even prior to thirty days.

26. This language overshadows the required § 1692g thirty-day period during which the consumer may dispute the debt, as it forces the consumer to choose to immediately settle before properly considering the ability to dispute the debt.

27. The letter further provides that "Your credit report may have a negative impact if we do not hear from you".

28. No date is given by when the consumer's credit will be harmed, nor is a deadline given for when the required contact must occur to prevent the harm.

29. The implication is that the consumer's credit may be harmed prior to the completion of the consumer's thirty-day window of time to dispute the alleged debt pursuant to 15 U.S.C. § 1692g.

30. After stating "[t]his settlement offer may be canceled at any time", the letter further states, "[t]o avoid missing this opportunity, please remit your payment directly to [us] or call us…".

31. This urgent demand for the consumer to immediately call in to avoid harm, i.e., before "this settlement offer may be canceled", pressures the consumer to call in and pay rather than dispute the debt.

32. The § 1692g notice is overshadowed by the threats and demands for immediate action elsewhere in the letter.

33. As a result of Defendant's deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## FIRST CAUSE OF ACTION
**(Violations of the FDCPA 15 U.S.C. §1692e *et seq.*)**

34. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as if fully stated here.

35. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

36. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

37. Defendant violated said section by:

   a. Making a deceptive and misleading representation in violation of §1692e (10) in implying that contact with Plaintiff is required prior to the expiration of the legally required thirty days to dispute the debt; and

   b. Threatening potentially immediate harm to the consumer's credit report.

WHEREFORE, Plaintiff, Oderia Bridges, an individual, and on behalf on the class, demands judgment in her favor against Defendant, ARR, for actual damages together statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692e *et seq*.

## SECOND CAUSE OF ACTION
**(Violations of the FDCPA 15 U.S.C. §1692f *et seq.*)**

38. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as if fully stated here.

39. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

40. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

41. Defendant violated this section by implying that contact with Plaintiff is required and threatening potentially immediate harm to the consumer's credit report prior to the expiration of the legally required thirty days to dispute the debt.

WHEREFORE, Plaintiff, Oderia Bridges, an individual, and on behalf on the class, demands judgment in her favor against Defendant, ARR, for actual damages together statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692f *et seq.*

### THIRD CAUSE OF ACTION
### (Violations of the FDCPA 15 U.S.C. §1692g *et seq.*)

42. Plaintiff incorporates by reference paragraphs 1-33 of this Complaint as if fully stated here.

43. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

44. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication provide the consumer with written notice of:

> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the

name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

45. The Defendant violated 15 U.S.C. §1692g, by:

    a. implying that contact with Plaintiff is required immediately and threatening immediate harm to the consumer's credit report prior to the expiration of the legally required thirty days to dispute the debt, which overshadows the §1692g language and coerces the consumer not to exert her rights under the FDCPA; and

    b. giving a settlement offer that could expire anytime, including within the first 30 days of receipt of the letter.

46. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff, Oderia Bridges, an individual, and on behalf on the class, demands judgment in her favor against Defendant, ARR, for actual damages together statutory damages, attorney's fees, and court costs pursuant to 15 U.S.C. § 1692g *et seq.*

## DEMAND FOR TRIAL BY JURY

47. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, demands judgment from the Defendants as follows:

a. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Misty Oaks Paxton, Esq. as Class Counsel;

b. Awarding Plaintiff and the Class statutory damages;

c. Awarding Plaintiff and the Class actual damages;

d. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

e. Awarding pre-judgment interest and post-judgment interest; and

f.  Awarding Plaintiff and the Class such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

Dated:       September 29, 2020              Respectfully Submitted,

/s/ Misty Oaks Paxton
By:  Misty Oaks Paxton, Esq.
3315 Charleston Court
Decatur, GA, 30034
Phone: (404) 725-5697
Fax: (775) 320-3698
attyoaks@yahoo.com
*Attorney for Plaintiff*

15